**PLOTT v. BOJANGLE'S RESTS., INC.**

[361 N.C. 577 (2007)]

For the reasons stated in the dissenting opinion, the decision of the Court of Appeals is reversed and this matter is remanded to the Court of Appeals for further remand to the trial court for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.

Justice HUDSON did not participate in the consideration or decision of this case.

———————

MICKEY PLOTT, EMPLOYEE v. BOJANGLE'S RESTAURANTS, INC., EMPLOYER, INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA c/o AIG CLAIM SERVICES, CARRIER

No. 55A07

(Filed 12 October 2007)

**Workers' Compensation— disability benefits—refusal of sedentary employment**

The decision of the Court of Appeals in a workers' compensation case is reversed for the reasons stated in the dissenting opinion that evidence before the Industrial Commission supported its determination that plaintiff was not entitled to ongoing benefits because defendant employer offered him sedentary employment at his preinjury wage after he was released by his physician to return to work, but plaintiff refused to attempt this employment and has not made reasonable efforts to find suitable employment.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 181 N.C. App. 61, 638 S.E.2d 571 (2007), reversing and remanding an opinion and award filed on 8 July 2005 by the North Carolina Industrial Commission. Heard in the Supreme Court 12 September 2007.

*Raymond M. Marshall and Jay A. Gervasi, Jr. for plaintiff-appellee.*

*Robinson & Lawing, L.L.P., by Jolinda J. Babcock, for defendant-appellants.*

PER CURIAM.

For the reasons stated in the dissenting opinion, we reverse the decision of the Court of Appeals.

REVERSED.

Justice HUDSON did not participate in the consideration or decision of this case.

———————————

MARK BLEVINS D/B/A RAINBOW RECYCLING, PETITIONER v. TOWN OF WEST JEFFERSON AND TOWN OF WEST JEFFERSON BOARD OF ADJUSTMENT, RESPONDENTS

No. 210A07

(Filed 12 October 2007)

**Appeal and Error— notice of appeal—filing notice with clerk of court—waiver of service of notice**

A decision by the Court of Appeals that it did not have jurisdiction to hear respondent board of adjustment's purported appeal from a superior court order is reversed for the reasons stated in the dissenting opinion that respondent's notice of appeal was sufficient to show that the appeal was from the superior court order rather than from its own order, a statement in the record was sufficient to show that the notice of appeal was filed with the clerk of superior court where petitioner stipulated to the record on appeal and thus stipulated to this statement, and petitioner waived respondent's failure to serve the notice of appeal on it by stipulating to the record on appeal, failing to raise any issue as to service, and filing a brief in the Court of Appeals addressing the merits of the appeal.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 182 N.C. App. ——, 643 S.E.2d 465 (2007), dismissing respondents' appeal from an order entered 26 April 2006 by Judge Michael E. Helms in Superior Court, Ashe County. Heard in the Supreme Court 13 September 2007.